UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

STEPHEN MATHIAS,                          )
                                          )
                        Plaintiff,        )
                                          )
v.                                        )          23-3143
                                          )
HAROLETTA GIVENS, *et al.*                )
                                          )
                        Defendants.       )

## <u>**MERIT REVIEW ORDER**</u>

Plaintiff, proceeding pro se and presently incarcerated at Jacksonville Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he contracted Covid-19 during an outbreak at the facility, that there is mold in the housing units, healthcare, and kitchen, and that kitchen supervisors and workers do not wear safety masks. Plaintiff also alleges that his pillow is in "terrible condition," that ceiling

tiles are caving in, and that there is "germed lint" in the air vents. Plaintiff sued only the facility's warden.

Plaintiff has an Eighth Amendment right to humane conditions of confinement     . *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008). He must allege how each official was responsible for the alleged constitutional deprivations. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). He cannot sue the warden just because she is in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Plaintiff may be able to state an Eighth Amendment claim for inhumane conditions of confinement, but he has not provided enough information regarding the dates that these events occurred, the prison officials he told about the conditions, and how they responded. Plaintiff's complaint is dismissed with leave to renew as directed below to permit Plaintiff the opportunity to clarify his allegations and provide any additional information he desires the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 31st day of July, 2023.

*s/Sara Darrow*

SARA DARROW
CHIEF U.S. DISTRICT JUDGE
